IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| JOSE MARIN, ) | Civil Action No. 4:08-1644-TLW-TER |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| JOHN R. OWENS, WARDEN, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner, Jose Marin ("Petitioner/Marin"), is an inmate in the custody of the Federal Bureau of Prisons currently housed at FCI Williamsburg. Petitioner, appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241[1] on April 18, 2008. Respondent filed a return and motion for summary judgment on August 5, 2008, along with supporting memorandum. The undersigned issued an order filed August 6, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. Petitioner filed a response on September 3, 2008. (Document # 16).

**I. HISTORY/ARGUMENTS**

Petitioner is serving a 152-month term of incarceration imposed by the United States District County for the Northern District of California for violations of 18 U.S.C. §1951 (Conspiracy to

---

[1] This habeas corpus case was automatically referred to the undersigned United States magistrate judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

Obstruct Commerce by Robbery) and 18 U.S.C. §924(c)(Use of a Firearm in Relation to a Crime of violence). According to Respondent's memorandum and exhibits, Petitioner has a projected release date from his current term of August 11, 2010, with credit for Good Conduct Time. (See Respondent's memorandum and Respondent's Exhibit #1, Sentencing Monitoring Computation Date Sheet).

Petitioner filed this petition challenging a disciplinary hearing sanction that resulted in the loss of 27 days of good time credit (GTC) and a $100.00 sanction. Petitioner asserts that he was denied the right of due process to call witnesses at the internal discipline hearing and was denied an interpreter. Petitioner seeks to have the GTC of 27 days restored, the disciplinary action expunged, and all sanctions removed. (See petition).

Respondent argues that the Petitioner has failed to exhaust his administrative remedies. Respondent asserts that the Petitioner attempted to file his appeal to the Regional Director on December 6, 2007, but the appeal was rejected for having too many attachment pages. Petitioner was advised that he could resubmit, with one legible attachment page, within 10 days of the date of the rejection notice.[2] Respondent asserts that the resubmission was received on January 28, 2008, outside the 10 days provided for resubmission. Although Respondent did not submit a copy of the decision, respondent asserts the General Counsel rejected Petitioner's appeal that was received on March 3, 2008, as it was not filed within the 10 day allotted resubmission. Therefore, Respondent argues that Petitioner has not exhausted his administrative remedies as the appeals were not properly and timely filed, thus, he has defaulted on these claims.

---

[2] Respondent has not provided any documentation to support this assertion. However, Petitioner asserts the same information in his response in opposition albeit he argues the dates are different than alleged.

2

In his response, Petitioner argues that he followed the proper procedures of the BOP administrative remedy processes and the BOP has fraudulently tried to distort his claims by incorporating wrong dates of Petitioner's appeals. Petitioner argues that all of his appeals were timely. Specifically, Petitioner argues that his appeal should not have been denied by the Regional Office for being outside the ten (10) day time period because the government deliberately changed the date they received the papers to January 28, 2008, when the actual date was January 25, 2008.[3] Thus, Petitioner argues the Regional Office received the papers within eight days of his receiving the notice of decision. Petitioner asserts that he timely filed objections with the General Counsel.

It is noted that neither Petitioner nor Respondent provided any documentation from the General Counsel as to their ruling on this appeal. However, Petitioner has not alleged nor shown that the General Counsel overturned the decision of the Regional Office that the appeal was untimely.

## II  STANDARD FOR SUMMARY JUDGMENT

A federal court must liberally construe pleadings filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972). In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Department of Social Services,

---

[3] In his response in opposition, Petitioner submitted copies of mail receipts showing the date of January 25, 2008, and January 28, 2008. (Petitioner's Exhibit B). However, Petitioner has not shown that the decision by the Regional Office was overturned on Appeal.

3

901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists.  If none can be shown, the motion should be granted.  Fed. R. Civ. P. 56(c). The movant has the burden of proving that a judgment on the pleadings is appropriate.  Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial."  The opposing party may not rest on the mere assertions contained in the pleadings.  Fed. R. Civ. P. 56(e) and Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial.  See Fed. R. Civ. P. 56(c).  Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact."  In the Celotex case, the court held that defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the plaintiff failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof.  Celotex, 477 U.S. at 322-323.

### III.  STANDARD OF REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and other habeas corpus statutes.  The review has been conducted in light of the following precedents: Denton v. Hernandez,

504 U.S. 25, 60 U.S.L.W. 4346, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, 1989 U.S. LEXIS® 2231 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).  This court is required to construe *pro se* complaints and petitions liberally.  Such *pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case.  *See* Hughes v. Rowe, 449 U.S. 5, 9 (1980); and Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or Petitioner's allegations are assumed to be true.  Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in this federal district court. Weller v. Department of Social Services, 901 F.2d 387, (4th Cir. 1990).

## IV.  DISCUSSION

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

As set forth above, Respondent argues that the petition should be dismissed because Petitioner did not exhaust his administrative remedies before proceeding in federal court. Respondent argues that the failure to exhaust should not be excused.

The BOP regulations set forth a three-tiered process for an inmate to seek redress for the alleged deprivation of any right. *See* 28 C.F.R. § 542.10. Administrative exhaustion is required prior to a § 2241 challenge to computation of a sentence and application of credit. Chua Han Mow v. United States, 730 F.2d 1308 (9th Cir. 1984), *cert. denied*, 470 U.S. 1031 (1985). When a federal prisoner fails to exhaust administrative remedies and thereby loses the opportunity to do so, his claims will be deemed procedurally defaulted in a § 2241 proceeding. See Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 762 (3d Cir. 1996). Although 28 U.S.C. § 2241 does not have an express exhaustion requirement, federal courts have held that available remedies must be exhausted in § 2241 cases. *See* Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-491, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973)(exhaustion required under 28 U.S.C. § 2241; and Moore v. De Young, 515 F.2d 437, 442-443 (3rd Cir.1975) (exhaustion required under 28 U.S.C. § 2241). The Federal Bureau of Prisons has established an administrative procedure whereby a federal inmate may seek review of complaints relating to any aspect of his or her confinement. *See* 28 C.F.R. § 542.10, which was cited in Williams v. O'Brien, 792 F.2d 986, 987 (10th Cir.1986).

The Petitioner may informally attempt to resolve the complaint with a staff member. 29 C.F.R. §542.13(a). If informal resolution is not successful, the inmate may file a formal written complaint to the Warden. This complaint must be filed within twenty (20) calender days from the date on which the basis for the complaint occurred. 28 C.F.R. §542.14(a). If the inmate is not satisfied with the Warden's response, that response may be appealed to the Regional Director within twenty (20) calender days of the date the Warden signed the response. An inmate who is not satisfied with the Regional Director's response may submit an appeal to the General Counsel within thirty (30) calender days of the date the Regional Director signed the response. 28 C.F.R. 418 U.S. 539,

6

557 (1974): 542.15(a).

The Petitioner "has no alternative but to comply" with these administrative procedures. Williams v. O'Brien, supra, 792 F.2d at 987. *See also* 28 C.F.R. § 542.10 through § 542.16; and Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir.1986)(federal prisoners are required to exhaust their federal administrative remedies prior to bringing a petition for habeas corpus relief in federal court). Smith, supra.

Based on a review of the evidence submitted, Petitioner has failed to exhaust his administrative remedies. On February 1, 2008, the appeal to the Southeast Regional Office was rejected because the appeal was found to be untimely. (See Petitioner's exhibit C). Petitioner has not shown that this decision by the Regional Office as to timeliness has been overturned. Accordingly, it is recommended that Respondent's motion for summary judgment be granted with respect to the exhaustion issue.

In the alternative, the undersigned concludes, based on the evidence presented, that Respondent's motion for summary judgment should be granted in that Respondent satisfied the procedure as set out in Wolff v. McDonnell 418 U.S. 539, 557 (1974). In administrative disciplinary hearings, prisoners are entitled to procedural safeguards if loss of good conduct time, or some other liberty interest, is at issue. The Supreme Court set out the following procedural due process requirements in Wolff v. McDonnell, supra

> 1. The inmate is entitled to a written notice of charges at least twenty-four hours in advance of the hearing to allow for preparation of a defense. Id. at 564.
>
> 2. The inmate is entitled to a written statement by the factfinder as to evidence relied on and reasons for disciplinary action. Id. at 564.
>
> 3. The inmate is entitled to call witnesses and present documentary evidence in

>defense if doing so is not hazardous to institutional safety or correctional goals. Id. at 566.

>4. The inmate is entitled to have charges decided by fair an impartial tribunal. Id. at 570.

Prison officials are not required to state in the hearing record their reasons for denying inmate witness request; however, at some point, officials are required to state reasons, and they may make this part of the record or present testimony in court. Ponte v. Real, 471 U.S. 491, 496 (1985).

Respondent provided an exhibit revealing that on the notice of the discipline hearing dated October 26, 2007, it stated that the alleged violation was "destroying property over $100.00." (Respondent's Exhibit C). It reveals that Petitioner received a copy of the notice of hearing on October 26, 2007. (See Respondent's Exhibit C). Petitioner had checked that he did not wish to have a staff representative but did wish to have witnesses. Petitioner listed the names of two witnesses and stated what their testimony would consist of. At the bottom of the Notice of Hearing was a hand written statement that Petitioner elected to proceed with the discipline process and waived the appearance of the witnesses submitting their statements instead. Petitioner signed under this statement. (See Respondent's Exhibit C). The DHO report reveals that the hearing was held on November 7, 2007, and the documentary evidence considered was the incident report and investigation, statement of Petitioner, the memorandum of J. Hancock, Counselor, and a declaration from Carl Williams, Acting Business Manger at FCI Williamsburg regarding the cost of the mattress. It was noted that the DHO considered Petitioner's statement and his witnesses' statements, inmates Butler and Espinoza. (See Respondent's Exhibit D). In the DHO's decision, the Hearing Officer stated the specific evidence relied on to support his finding was as follows:

>The DHO considered your statement that your cellie moved out two days prior and took the mattress with him. You also stated you required extra support than your

>current mattress was providing so you retrieved pieces of a mattress out of the laundry cart. However, the reporting staff member reported your cell mate was admitted to the Special Housing Unit, therefore, it was impossible for him to take his mattress to a secured unit. Additionally, you are responsible for the contents of your cell and your admission you were utilizing the destroyed mattress for support for your back is further evidence you committed the prohibited act as you were in retention of a destroyed mattress and being held solely culpable. Furthermore, you admitted utilizing a sheet to attach the pieces to the mattress and the repotting staff member stated he had to cut the strings attaching the pieces of the mattress to your mattress. Therefore, you are not only being held accountable for destroying a mattress, but you destroyed a sheet to make into string to attach the parts to the mattress to your mattress.
>
>The DHO also considered your witnesses' statements that they witnessed you take pieces of the mattress from the laundry cart. You and your witnesses stated your unit was searched and the laundry cart contained items that were confiscated from the cells. Therefore, if this occurred as you alleged, you had taken contraband items from the laundry cart which is also prohibited.
>
>Based on the reporting staff member's statement, the supporting memorandums, and you and your witnesses' statements, the DHO finds you did commit the prohibited act of Destroying or Damaging Government Property having a value in excess of $100, code 218.

(Respondent's Exhibit D).

According to the DHO report, the Report was delivered to Petitioner on November 21, 2007. (Respondent's Exhibit D). Petitioner asserts that he received the report on November 26, 2007. (Petitioner's Exhibit E attached to his response in opposition). Regardless of the date, Petitioner admits that he received a copy of the decision.

Based on the evidence submitted, Petitioner submitted statements from his two witnesses which was considered by the DHO. However, based on the witnesses' statements and the statement of Petitioner, Petitioner obtained parts of a mattress from the laundry cart, removed them, and tied the pieces of mattress to the top of his regular mattress. Therefore, as the DHO found, even if Petitioner did not actually destroy the missing mattress to obtain the pieces that were affixed to his

9

mattress, the DHO found that he did damage the mattress assigned to him when he affixed the pieces of the other mattress to it. Furthermore, Petitioner admitted to possessing the pieces of a destroyed mattress and attaching these pieces to his mattress. Petitioner cut up a sheet to obtain strings to tie the mattress parts to his mattress which the staff had to cut the strings attaching the pieces. Therefore, a sheet was also destroyed.

A decision in disciplinary proceedings to revoke good conduct time passes scrutiny under the Due Process Clause if there is "some evidence" in the record to support the conclusions. Superintendent v. Hill, 472 U.S. 445, 454 (1985). Based on the DHO decision submitted by the Respondent, the decision meets the standard of "some evidence" to support the conclusion of guilt and loss of good conduct time. Id.

Additionally, Petitioner has asserted that he was not provided with an interpreter at the hearing. However, there is no evidence that he requested an interpreter but evidence he waived his right to a staff representative when he could have requested a Spanish-speaking staff representative. Respondent attached a copy of Petitioner's transcript of Education Data which reveals Petitioner is "English Proficient" and that he completed his GED[4]. (Respondent's Exhibit F). Respondent asserts that the DHO is "conversant in Spanish" and never spoke or asked to speak in Spanish or asked for an interpreter.[5]

---

[4] It is noted that Petitioner submitted a copy of his GED test results which revealed the "test language" was Spanish. (Petitioner's Exhibit I, attached to Petitioner's response in opposition). However, his education transcript reveals that he is "English proficient." (Respondent's Exhibit F).

[5] Although not an affidavit, Respondent submitted the declaration of Jerrie Comstock, the DHO, who stated that she conducted a prison disciplinary hearing for Petitioner on November 7, 2007, and at no time did he request an interpreter. Comstock also stated that Petitioner spoke English well, responded to her queries in a clear and appropriate manner, and did not indicate any difficulty understanding or communicating with her. Comstock further asserted that had Petitioner indicated some desire to communicate in Spanish, she would have accommodated him and could have utilized the services of several Spanish-speaking staff to interpret. (Respondent's Exhibit E).

The Petitioner fails to carry the burden that a genuine issue exists for trial, so summary judgment for the Respondent should be granted.

## V.  CONCLUSION

Based on the above reasons, it is recommended that Respondent's motion for summary judgment (document #12) be GRANTED, and the petition be dismissed without an evidentiary hearing.

                                              Respectfully Submitted,

                                              s/Thomas E. Rogers, III
                                              Thomas E. Rogers, III
                                              United States Magistrate Judge

October 3, 2008
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**